## ESTATE OF THOMAS COLLINS.

### No. 6066—Sept., 1875.

WILL.—PRACTICE ON CONTEST.—THE CONTESTANT IS PLAINTIFF.

It is the duty of contestant of probate to offer proofs in support of his side of the issue before the proponent can be called upon to reply. Contestant is plaintiff; proponent, defendant.

Should contestant decline to proceed, the Court will dismiss the jury empanelled to try the issues raised and itself take proof upon all the issues directed by statute. Construing section, C. C. P., 1312.

*S. M. Wilson* and *J. M. Burnett,* for proponent.

*L. Quint* and *J. C. Bates,* for contestant.

A paper was offered for probate as the will of deceased. A nephew files objections and contests the probate, on the grounds that deceased did not sign the paper; that the signature is a forgery; that deceased was not of sound and disposing mind.

A jury was impaneled and sworn to try the issues.

Without calling any witnesses or offering any proof, contestant claimed that the proponent must, in the first instance, prove the will, before the contestant could be called upon to offer proof. Proponent claimed that the contestant must first make out his case before the proponent could be called upon to reply to it.

By the COURT: Under the last clause of Sec. 1312, C. C. P., the contestant is plaintiff and the proponent is defendant. Under Sec. 607, the trial must proceed in the order, viz: plaintiff must produce the evidence on his part,

and *then* the defendant may offer his evidence. It may be, as suggested by counsel, that this presents the singular condition that the contestant must prove a negative. An answer is found in the statute; it is so written. The theory of this statute seems to be as follows: A paper is offered as a will; it is contested on any one or more of the statutory grounds; a jury is sworn to try the issues raised by the contest; not to pass upon any other fact. Upon *those issues*, the contestant is plaintiff. It may happen that a contest is raised as to one only of the statutory grounds, for instance, say not witnessed. That issue is the only issue before the jury, and their verdict will be conclusive upon it. But upon the rendering of the verdict upon that issue the Court could not admit the will to probate. The *Court*, not the jury, will hear evidence on all the points required by the statute not raised by the contest, and admit or reject. In this case, as to all matters involved in the issues raised by the contest, the contestant is plaintiff and must go forward.

Mr. QUINT: As we respectfully differ in opinion with the Court, we will rely upon our view, and decline to offer evidence until we hear from the proponent.

Mr. BURNETT: We insist that the contestant has the affirmative and must go forward.

By the COURT: In order that no misapprehension may arise, the Court announces that if the contestant shall omit to proceed with proofs, the Court will dismiss the jury, and will itself hear such evidence as may be offered by any party; in that case, however, the contestant will have lost his position as contestant.

Mr. Quint desired time for consultation with his associate, the question being an important one, which was granted. Upon the Court sitting after the recess, the contestant went forward with his proofs.